## No. 7816.

PARISH BOARD OF SCHOOL DIRECTORS VS. ROSA B. ROLLINS ET AL.

In default of satisfactory proof that the lot of ground claimed in this case as school land, was ever selected as such under the Act of Congress, this Court holds that there should be judgment of nonsuit against the Plaintiff, without passing upon the issues of title and prescription raised by the pleadings.

APPEAL from the Thirteenth Judicial District Court, parish of Tensas. *Hough*, J.

*Thos. P. Farrar* and *E. H. Farrar* for Plaintiff and Appellant.

*J. W. Montgomery* for Defendants and Appellees.

The opinion of the Court was delivered by

LEVY, J. The Board of School Directors of the parish of Tensas instituted this, a petitory action, against the defendants, to recover from them a section, or lot No. 16, situated in Township 13, Range 13 East, in said parish, which they allege has been set aside and dedicated by the United States for the purposes of education. Defendants plead the prescription of thirty years, of open, public, peaceable and uninterrupted possession of said property, and call in warranty their vendors Clark and wife, who in turn call in warranty Gillespie and wife, their vendors. There was judgment in favor of defendants rejecting plaintiff's demand with costs, and plaintiff has appealed. Defendants have proved uninterrupted possession as owners, through themselves and their vendors for more than forty years. Plaintiff contends that lands dedicated and set apart by Congress for school purposes cannot be acquired by prescription, being out of commerce and imprescriptible. Defendants hold that, if they became school lands under the general law, or were made so by selection of the Secretary of the Treasury under the law of 20th May, 1826, they then became severed from the public domain, and were open to a title by prescription.

Before we can be called upon to decide this question, we must have a case before us to which it would be applicable.

In the case of Barton's Executrix vs. Hempken, 19 La. 510, this Court held " that it is only under the general laws, and where the township is surveyed in square sections, that every 16th section is reserved as school land; and that, in fractional or irregular townships on water courses, the Secretary of the Treasury is required by law to select and designate the school lands."   *   *   *   " In this case it does not appear that any such selections or lists have been made and forwarded for approval, or that the lot in question was ever selected under the Act of Congress. It was not reserved from sale unless selected under the law, and the commissioner does not say it was." The court further

NEW ORLEANS, APRIL, 1881.                425

held: " In this case there is a final judgment for the defendants upon the verdict of the jury, which we think is incorrect. The plaintiff has not made out such a case as will entitle her to recover, but we think the door should be left open to a further investigation of the matter;" and annulling the judgment and setting aside the verdict, the court rendered a judgment of nonsuit. We do not think, in this case, there has been satisfactory proof of the selection of the section or lot claimed, and we think, as did this Court in the case above cited, that " the door should be left open to a further investigation of the matter."

The judgment appealed from is, therefore, annulled, avoided and reversed, and it is ordered and adjudged that there be judgment of nonsuit against the plaintiff, with costs in both courts.